Case 2:24-cv-00040   Document 15   Filed on 12/27/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TYRA CAMPOS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00040 |
| | § | |
| WILLIAM SHEPHERD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case arises from an automobile crash that occurred on November 28, 2022. *See* Doc. No. 1-3, p. 2. Plaintiffs filed suit in Texas state court on January 5, 2024 against William Shepherd ("Mr. Shepherd") and Gwenyth Shepherd ("Ms. Shepherd") (collectively, the "Defendants"). *Id.* at 6. Broadly stated, Plaintiffs alleged that Mr. Shepherd negligently caused the accident and Plaintiffs' resulting injuries and damage and that Ms. Shepherd negligently entrusted the vehicle to Mr. Shepherd because she knew he was not a safe driver. *Id.* at 2-3. Defendants filed an answer in state court and then in February 2024 removed this case to federal court. (Doc. Nos. 1, 1-4.)[1] Defendants have been jointly represented by attorney Nicholas Parma.

On May 7, 2024, Attorney Parma filed a notice advising the Court that Mr. Shepherd had died on March 22, 2024. (Doc. No. 5, p. 1.) A joint case management and discovery plan was subsequently submitted (Doc. No. 6), and there was an initial pretrial conference before United States District Judge David S. Morales.

---

[1] The parties consented to the jurisdiction of a United States magistrate judge, and the case was transferred to the undersigned. *See* 28 U.S.C. § 636(c)(1); *see also* Doc. No. 9, Minute Entry, Initial Pretrial Conference (May 13, 2024); *Roell v. Withrow*, 538 U.S. 580, 586-87 (2003).

On December 3, 2024, Attorney Parma, ostensibly on behalf of both defendants, filed a motion to dismiss the claims against Mr. Shepherd, citing Federal Rule of Civil Procedure 25. (Doc. No. 12.)  The Court struck the motion that same day because it lacked a certificate of conference.  (Doc. No. 13.)  Attorney Parma then filed an amended motion, also on December 3, this time including a certificate of conference indicating that Plaintiffs opposed the motion. (Doc. No. 14.)  Despite having indicated to Attorney Parma their opposition to the dismissal motion, Plaintiffs have not responded to that motion.

Any response to the dismissal motion was required to be filed not later than 21 days after the filing of the motion – in this case, not later than December 24, 2024.  *See* Local Rule 7.3, Local Rules of the United States District Court for the Southern District of Texas.  Because Plaintiffs did not respond to the dismissal motion by the motion submission date, the Court treats the dismissal motion as being unopposed.  *See* Local Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas ("Failure to respond to a motion will be taken as a representation of no opposition.").

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Attorney Parma served Plaintiffs with notice on May 7 that Mr. Shepherd had died.  More than seven months have passed since that time – far longer than the 90-period prescribed by Rule 25(a)(1) – but Plaintiffs have not sought to substitute any other party as a defendant in place of Mr. Shepherd.

Despite this, however, the dismissal motion cannot be granted at this time because the Court cannot conclude, on this record, that Rule 25's 90-day period has elapsed, or that it has even begun to run. Rule 25 requires that a statement noting death must be "served" both on parties to the action pursuant to Rule 5 "and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). This provision means that the notice of Mr. Shepherd's death was required to be served on the existing parties to the action under Federal Rule of Civil Procedure 5, and that it was also required to be personally "served," pursuant to Federal Rule of Civil Procedure 4, on the late Mr. Shepherd's successor or representative. *See Sampson v. ASC Indus.*, 780 F.3d 679, 683 (5th Cir. 2015); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2024 WL 4680530, at *2 (E.D. La. Nov. 5, 2024). The United States Court of Appeals for the Fifth Circuit "has held that Rule 25 means what it says." *Webb v. Town of St. Joseph*, No. 3:12-CV-02644, 2016 WL 2726648, at *1 (W.D. La. May 9, 2016) (citing *Sampson*). The May 7 notice of Mr. Shepherd's death was properly served on Plaintiffs through the Court's electronic filing system, but there is no indication – in the form of a return of service or otherwise – that the May 7 statement regarding Mr. Shepherd's death was ever personally "served" on Mr. Shepherd's successor or representative pursuant to Rule 4.

Because the dismissal motion does not reflect that the May 7 notice of Mr. Shepherd's death was personally served on his successor or representative under Rule 4's provisions, it is not apparent that Rule 25(a)(1)'s 90-day period has yet begun to run, let alone that it has elapsed. Thus, although Plaintiffs are deemed not to oppose the dismissal motion, the Court cannot grant the dismissal motion at this time. *See Ross v. Fat Cat Boatworks LLC*, No. 2:19-CV-107, 2019 WL 13191906, at *2 (S.D. Tex. Oct. 30, 2019) (Tagle, J.).

The Court therefore ORDERS Attorney Parma, on behalf of Ms. Shepherd,[2] to do one of the following:

- If Mr. Shepherd's successor or representative has not yet been served with the May 7 notice of Mr. Shepherd's death (Doc. No. 5), Attorney Parma shall serve that notice of death on Mr. Shepherd's successor or representative pursuant to Rule 4, and shall file proof of service with the Court not later than **January 17, 2025**.

- If Mr. Shepherd's successor or representative has already been served with the May 7 notice of Mr. Shepherd's death pursuant to Rule 4, Attorney Parma shall file proof of such service with the Court not later than **January 17, 2025**.

- If Attorney Parma is unable to comply with either of the two directives above, he shall file an advisory with the Court explaining the reasons for that inability not later than **January 17, 2025**.

ORDERED on December 27, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge

---

[2] It is unclear whether Attorney Parma is the attorney for Mr. Shepherd's successor or representative.