United States District Court
Southern District of Texas

**ENTERED**

October 03, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TYRA CAMPOS, *et al.*,            §
                                  §
        Plaintiffs,               §
                                  §
v.                                §        CIVIL ACTION NO. 2:24-CV-00040
                                  §
WILLIAM SHEPHERD, *et al.*,       §
                                  §
        Defendants.               §

## ORDER ADOPTING IN PART AND REJECTING IN PART MEMORANDUM & RECOMMENDATION

This personal injury action arises from a car collision. (D.E. 1, p. 1). After Defendant William Shepherd passed away, Defendant Gwenyth Shepherd filed a notice of death. (D.E. 5). From there, Federal Rule of Civil Procedure 25 permits any party or the decedent's successor or representative to move for substitution of the proper party. Fed. R. Civ. P. 25(a)(1). However, "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Plaintiffs did not move for substitution within Rule 25(a)(1)'s ninety-day time limit, so Defendants moved to dismiss the claim against the decedent. (D.E. 14). Plaintiffs moved to extend or reopen the deadline for substitution of parties and to substitute the proper party. (D.E. 20).

The Court referred this case to Magistrate Judge Mitchel Neurock for all pretrial purposes. (D.E. 30). Before the Court is Magistrate Judge Neurock's Memorandum and Recommendation ("M&R"), which recommends the Court deny Defendant's amended motion to dismiss and grant Plaintiffs' motion to extend or reopen the substitution deadline. (D.E. 33, p. 1). Defendant Gwenyth Shepherd filed written objections, (D.E. 36), to which Plaintiff's filed a response, (D.E.

1 / 14

37), to which Defendant replied, (D.E. 40).[1]

After reviewing the unobjected portions of the M&R for clear error and the objected portions de novo, the Court **ADOPTS in part** and **REJECTS in part** the M&R's findings and recommendations. (D.E. 33). Specifically, the Court agrees Plaintiffs failed to timely move for substitution but disagrees that Plaintiffs have shown this failure resulted from excusable neglect. Accordingly, the Court **GRANTS** Defendant's amended motion to dismiss Plaintiffs' negligence claim against the decedent, (D.E. 14), and **DENIES** Plaintiffs' motion to extend or reopen the deadline for substitution of parties, (D.E. 20).

## I. Background

Plaintiffs Tyra Campos and Jason Zhao sued Defendant William Shepherd for negligence and Defendant Gwenyth Shepherd for negligent entrustment[2] arising from an automobile collision. (D.E. 1-3, p. 2–3). Defendants removed the case based on diversity jurisdiction. (D.E. 1, p. 2).

On May 7, 2024, Defendants filed a notice that William Shepherd had passed away. (D.E. 5). The next week, the parties filed their joint discovery/case management plan. (D.E. 6). In this joint filing, the parties recognized "a representative of the estate of William Shepherd will have to appear because Mr. Shepherd is deceased." *Id.* at 1. August 5, 2024 marked the ninetieth day following the notice of Mr. Shepherd's death. *See* (D.E. 5). Plaintiffs did not file a motion for substitution by this date.

On December 3, 2024, Defendants filed a motion to dismiss the claims against William

---

[1] Though neither Federal Rule of Civil Procedure 72(b)(2) nor the Court's Local Rules contemplate replies to objection responses, the Court granted Defendant's motion for leave to file a reply. (D.E. 39, p. 1–2).

[2] The Court granted summary judgment dismissal of Plaintiffs' negligent entrustment claim against Gwenyth Shepherd. (D.E. 42, p. 1–2). Accordingly, all that remains is Plaintiffs' negligence claim against William Shepherd.

Shepherd. (D.E. 14) (amended motion to dismiss); *see also* (D.E. 12) (original motion to dismiss).[3] In support of the motion, Defendants argued Plaintiffs had not filed a motion for substitution within ninety days of the notice of William Shepherd's death, so Federal Rule of Civil Procedure 25 required dismissal of the claims against him. (D.E. 14, p. 2). The amended motion included a certificate of conference stating Plaintiffs opposed the motion. *Id.* at 3. However, Plaintiffs did not timely respond to the motion. Accordingly, under Local Rule 7.4, the Court treated the dismissal motion as unopposed. (D.E. 15, p. 2). Even so, the Court determined "the dismissal motion [could not] be granted at this time because the Court [could not] conclude, on this record, that Rule 25's 90-day period ha[d] elapsed, or that it ha[d] even begun to run." *Id.* at 3. Thus, the Court ordered Defendants' counsel to serve the notice of death on William Shepherd's successor (if not already done), file proof of such service (if already served), and file an advisory if counsel were unable to comply with the order by January 17, 2025. *See id.* at 4.

On January 16, 2025, Gwenyth Shepherd filed an advisory naming herself as Mr. Shepherd's successor and stating, "[i]nsofar as the filing party can be served with her own filing, Mrs. Shepherd was served with the Notice of Death when her attorney filed the Notice." (D.E. 18, p. 1). The next day, Plaintiffs filed a motion to reopen the substitution deadline and substitute Gwenyth Shepherd as the appropriate representative for William Shepherd. (D.E. 20).

A flurry of briefing followed on the substitution issue. *See, e.g.*, (D.E. 21; D.E. 25; D.E. 27). The Court referred this case for all pretrial purposes to Magistrate Judge Mitchel Neurock, (D.E. 30), who issued an M&R, (D.E. 33).

---

[3] The Court struck Defendants' original motion to dismiss because it did not include a certificate of conference as required by the Local Rules. (D.E. 13, p. 1).

## II. Law

### A. Standard of Review

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Excusable Neglect

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The court has discretion under Rule 6(b) to extend the time for filing a motion to substitute under Rule 25. *Hill v. First Tenn. Bank, N.A.*, No. 3:17-CV-1298-L, 2018 WL 2317714, at *2 (N.D. Tex. May 22, 2018) (Lindsay, J.) (collecting cases). The moving party bears the burden to demonstrate "excusable neglect." *Tex. Hous. Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998) (Means, J.) (citation omitted), *aff'd sub nom. Tex. Dep't Hous. & Cmty. Affairs v. Verex Assurances, Inc.*, 158 F.3d 585 (5th Cir. 1998).

The Court weighs the *Pioneer* factors to determine whether a party's failure to act constituted excusable neglect: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *U.S. Bank Tr. Nat'l Ass'n ex rel. Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024)

(alteration in original) (quoting *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation modified) (footnote omitted).

The Fifth Circuit "has left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect" but has "emphasized that such is the rare case indeed." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (citation modified) (citations omitted). The Fifth Circuit has "therefore held that a district court abused its discretion by granting an extension of time based on an attorney's misreading of a time-limit set by the Federal Rules even when the district court had found that the intricacies of the Rule at issue were 'a trap for the unwary.'" *Id.* at 525–26 (quoting *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998)).

### III. Analysis

In their objections, response, and reply, the parties do not address—and, thus, do not object to—the following portions of the M&R's analysis: (1) Federal Rule of Civil Procedure 25 was triggered; (2) Defendants' notice of death was sufficient; (3) all parties were served as required by Rule 25; (4) no non-parties were required to be served; (5) Rule 25(a)(1)'s ninety-day clock began to run on May 7, 2024; and (6) Plaintiffs did not file their notice of substitution before Rule 25's ninety-day deadline. *See* (D.E. 36; D.E. 37; D.E. 40). Reviewing these unobjected portions of the M&R for clear error, the Court finds none and, accordingly, **ADOPTS** these findings of the M&R. (D.E. 33, p. 5–9).

The objections, response, and reply all concern the final portion of the M&R: whether Plaintiffs' failure to seek substitution resulted from excusable neglect. *See* (D.E. 36; D.E. 37; D.E. 40). Here, again, the parties agree on a basic premise—the *Pioneer* factors control. *See* (D.E. 36, p. 6–7; D.E. 37, p. 4–5) (arguing whether the *Pioneer* factors support a finding of excusable neglect). The issue raised for the Court's de novo review is whether, applying the *Pioneer* factors, Plaintiffs' failure to seek substitution resulted from excusable neglect. The Court analyzes each of the *Pioneer* factors in turn.

### A. Danger of Prejudice to Opposing Party

The M&R finds the first *Pioneer* factor, danger of prejudice to the opposing party, weighs in favor of a finding of excusable neglect. (D.E. 33, p. 14). This factor considers the future danger of prejudice a party may suffer, not preexisting prejudice. *See In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the [party] ***will be*** prejudiced.") (emphasis added). The M&R identifies Defendant's only argument on this point is that requiring her to step in as representative for her late husband after losing him nearly a year ago will "reopen the grieving process," so Defendant "should receive closure by having the claims against her late husband dismissed." *Id.* (quoting D.E. 21, p. 4–5). The M&R empathizes with Defendant's loss, but disagrees "that the 'closure' [Defendant] seeks must take the form of dismissal of the claim." *Id.* Rather, the M&R reasons because the parties have continued to litigate this case by participating in hearings, exchanging discovery, and discussing expert designation the first factor weighs against a finding of prejudice. *Id.*

Defendant objects that the M&R "incorrectly concludes the first factor, prejudice to the opposing party, favors the Plaintiffs." (D.E. 36, p. 6). Defendant raises two arguments on this front. First, Defendant argues the "blizzard of motions, responses, documents, and affidavits spanning a

two-month period" were prejudicial to Defendant. *Id.* (quoting D.E. 33, p. 15). This argument misses the mark. It raises prejudice that Defendant already suffered, not a danger of prejudice. Under this factor, the Court's assessment is premised on the prejudice a party will suffer if the deadline to respond is extended. *Bales Env't Servs. LLC v. Charter Commc'ns LLC*, No. 24-2126, 2025 WL 842937, at *2 (E.D. La. Mar. 17, 2025) (Africk, J.); Fed. R. Civ. P. 6(b)(1)(B).

Second, Defendant argues the deadline for joinder of parties has passed, and the statute of limitations has expired.[4] (D.E. 36, p. 6). Defendant did not raise these arguments when discussing the first *Pioneer* factor in her response to Plaintiff's motion for extension. *See* (D.E. 21, p. 4–5) (arguing prejudice only on the grounds that allowing substitution would "reopen the grieving process"). Indeed, the M&R preemptively established the novelty of these arguments, noting that Defendant "has not raised these points [prior to the M&R], and it is not the job of the Court to 'create arguments for adjudication' or 'raise [them] like a Phoenix from the ashes.'" (D.E. 33, p. 14 n.8) (citations omitted). Therefore, the Court will not consider these issues as they are not properly before the Court. *See Place v. Thomas*, No. 02-40923, 2003 WL 342287, at *1 (5th Cir. 2003) (per curiam) ("Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court[.]"); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues argued for the first time in objections to magistrate judge's findings, conclusions and recommendations because they "were not properly before the district court").

The Court does not find Defendant's arguments persuasive. Defendant does not articulate how the closure she seeks is achieved by the dismissal of Plaintiff's claim against William Shepherd. Further, the parties have continued to litigate Plaintiff's claim since William's death.

---

[4] Defendant raised the passage of deadlines only in the context of the second *Pioneer* factor, not the first. (D.E. 36, p. 6). As a result, the Court considers the passage of deadlines only as to the second factor.

*See* (D.E. 16; D.E. 17; D.E. 21-1). This includes exchanging discovery materials (D.E. 21-1), participating in hearings, and discussing the designation of experts (D.E. 16; D.E. 17). Despite the absence of a timely substitution motion, this case has proceeded. On de novo review, the Court **OVERRULES** Defendant's objections and finds the first *Pioneer* factor favors a finding of excusable neglect. The Court **ADOPTS** the M&R's finding of excusable neglect as to the first *Pioneer* factor.

### B. Length of Delay and Potential Impact on Judicial Proceedings

The M&R finds the second *Pioneer* factor, length of delay and potential impact on judicial proceedings, weighs against a finding of excusable neglect. (D.E. 33, p. 14–15). The M&R notes the length of the delay—165 days after the expiration of the ninety-day period in which to seek substitution—and reasons that Plaintiffs' failure to seek substitution has required the Court and the parties to expend significant resources in determining whether dismissal is appropriate. *Id.* at 14–15 (collecting docket entries related to briefing on the substitution issue). Defendant does not object to the M&R's analysis of the second *Pioneer* factor. (D.E. 36, p. 6). Nor do Plaintiffs. (D.E. 37, p. 4). After reviewing this unobjected reasoning on the second *Pioneer* factor for clear error and finding none, the Court **ADOPTS** the M&R's finding that the second *Pioneer* factor weighs against a finding of excusable neglect.

### C. Reason for Delay

The M&R finds the third *Pioneer* factor, the reason for delay, weighs against a finding of excusable neglect. (D.E. 33, p. 15). The M&R concludes that "although it is possible that 'some misinterpretations of the federal rules may qualify as excusable neglect,' . . . . [t]his is not one of those rare cases." *Id.* (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)). That is because, the M&R explains, Plaintiffs have not proffered any satisfactory reason

for their delay and notes the long delay was within Plaintiffs' control. *Id.* at 15–16.

Although neither party objects to the M&R's finding that the third *Pioneer* factor weighs against a finding of excusable neglect, (D.E. 36, p. 6; D.E. 37, p. 4), Defendant objects that the M&R "fails to give sufficient weight to the third factor." (D.E. 36, p. 6). According to Defendant, "[t]his factor, the reason for the delay, has been recognized as the most important *Pioneer* factor." *Id.* (first citing *Tubens v. Doe*, 976 F.3d 101, 106 (1st Cir. 2020); and then citing *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)). The Fifth Circuit, however, has declined to "extend [its] precedent . . . to hold that any other *Pioneer* factor is more important than the others." *In re CJ Holding Co.*, 27 F.4th 1105, 1114 (5th Cir. 2022). The Court refuses, therefore, to follow Defendant's out-of-circuit cases to the contrary. Accordingly, the Court **OVERRULES** Defendant's objection and will weigh the third *Pioneer* factor equally, as required by the Fifth Circuit and as the M&R did. The Court **ADOPTS** the M&R's unobjected finding that the third *Pioneer* factor weighs against a finding of excusable neglect.

### D. Whether the Movant Acted in Good Faith

As the M&R recognizes, "[t]he fourth *Pioneer* factor is the most difficult one in this case[.]" (D.E. 33, p. 16). The M&R's reasoning proceeds in three steps. First, Plaintiffs "provide next to nothing to indicate that they have acted in good faith" (and, indeed, their conduct "does not suggest good faith"); however, Defendant "offers no actual evidence of bad faith on the part of Plaintiffs." *Id.* at 17. Second, the fault for failing to seek substitution lies with Plaintiffs' counsel rather than Plaintiffs themselves, so the M&R expresses reluctance "to visit a dismissal upon innocent clients for the unpardonable conduct of the lawyer." *Id.* at 17 (quoting *Ten v. Svenska Orient Linen*, 87 F.R.D. 551, 553 (S.D.N.Y. 1980) (Owen, J.)). Third, the M&R reasons that the history of Rule 25(a) and Rule 6(b) shows that the ninety-day deadline to seek substitution was

"not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Id.* (internal quotation marks omitted) (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)). The M&R explains this as motivated in part by court's "preference for resolving cases on the merits rather than on 'Game Over, Man!' procedural spring traps." *Id.* (citation modified). Ultimately, as the M&R is "unwilling to conclude that Plaintiffs' lateness is tainted by bad faith," the M&R finds the fourth *Pioneer* factor weighs in favor of a finding of excusable neglect. *Id.*

Defendant first objects that "[t]here is no evidence of good faith and excusable neglect." (D.E. 36, p. 5). She contends Plaintiffs "filed no evidence with their motions," so all the Court has before it are pleadings stating some unelaborated misunderstanding about the relevant procedural rules. *Id.* Specifically, Defendant raises two issues. First, Defendant argues pleadings are not evidence. Second, even if they were evidence, Defendant argues these pleadings do not elaborate on Plaintiffs' misunderstanding to sufficiently show their failure to seek substitution was in good faith. *Id.* (citations omitted).

In a related, second, objection, Defendant argues the M&R applies the wrong burden of proof when it reasons that Defendant "offers no actual evidence of bad faith on the part of [P]laintiffs." *Id.* at 5–6 (quoting D.E. 33, p. 17). Defendant argues *Pioneer* requires Plaintiffs to prove good faith, so the M&R's reasoning that Defendant did not prove bad faith "appears to be a shifting of the burden of proving good faith by the Plaintiffs to imposing a burden of proving bad faith on the Defendant." *Id.* at 6.

In response to the first objection, Plaintiffs submitted additional evidence in an attempt to show good faith, (D.E. 37, p. 3; D.E. 37-1), and contend "Defendant mischaracterizes the burden of proof" because Rule 6 does not require Plaintiffs to prove excusable neglect "with sworn

affidavits at the motion stage." (D.E. 37, p. 3). Plaintiffs offer a timeline to explain their delay:

- **As of November 18, 2024:** Staffer previously responsible for organizing and assisting in management of this case file was replaced
- **December 16, 2024:** Defendant's discovery responses made Plaintiffs aware of William Shepherd's passing
- **January 7, 2025:** Plaintiffs' counsel sought clarification from Defendant's counsel regarding the appropriate heir to be substituted[5]
- **January 17, 2025:** Plaintiffs filed their motion for extension and substitution

*See id.* at 2.

Plaintiffs seemingly offer this timeline and the associated email, sent ten days before filing their motion to extend, (D.E. 20), to demonstrate they were making efforts to determine who was the proper party to substitute for Defendant William Shepherd, *see* (D.E. 37-1). On the second objection, Plaintiffs contend that "Defendant misconstrues the Magistrate's findings. The court correctly applied *Pioneer* and did not shift the burden of proof." (D.E. 37, p. 4).

In response, Defendant argues Plaintiffs' statement that they did not become aware of William Shepherd's passing until December 16, 2024 is incorrect. (D.E. 40, p. 1). Citing the parties' joint discovery/case management plan filed on May 13, 2024, Defendant notes this joint filing recognized Mr. Shepherd's passing. *Id.* (citing D.E. 6).

After reviewing Defendant's first two objections as to good faith, the Court **OVERRULES** both. (D.E. 36, p. 5–6). Though Defendant faults the M&R for reasoning the good faith factor supported a finding of excusable neglect based on the absence of bad faith, sister courts throughout this circuit have reasoned similarly. *See, e.g.*, *Crown Castle Fiber LLC v. City of Pasadena*, 618 F. Supp. 3d 567, 579 (S.D. Tex. 2022) (Hittner, J.), *aff'd sub nom. Crown Castle Fiber, L.L.C. v. City of Pasadena, Tex.*, 76 F.4th 425 (5th Cir. 2023). Courts presume a movant's good faith in the absence of evidence demonstrating misconduct. *Id.* at 578. Defendant has not provided evidence

---

[5] Plaintiffs submitted a copy of this email as an exhibit to their response. (D.E. 37-1).

of Plaintiffs' misconduct to demonstrate bad faith. (D.E. 33, p. 17). The Court finds Plaintiffs acted in good faith, in the absence of evidence to the contrary.

Finally, Defendant objects that granting Defendant's motion to dismiss is not a procedural trap. (D.E. 36, p. 7). The M&R's reasoning on the good faith factor partially relied on "courts' preference for resolving cases on the merits . . . rather than on 'Game Over, Man!' procedural spring traps." (D.E. 33, p. 17) (citations omitted). Defendant objects to this characterization of the issue, contending "Plaintiffs have not succumbed to some obscure procedural trap[.]" (D.E. 36, p. 7). This objection lacks citation to legal authority and instead reargues Plaintiffs' repeated missteps in failing to timely move for substitution. *See id.* at 7–8. Semantics aside, the Court agrees with the M&R's reasoning: the Court prefers to resolve cases on the merits, whereas granting Defendant's motion to dismiss because Plaintiffs failed to meet a deadline would resolve the case on a procedural point without reaching the merits of Plaintiffs' negligence claim. The Court **OVERRULES** the objection. (D.E. 36, p. 6). After a de novo review of the objections, the Court **ADOPTS** the M&R's finding that the fourth *Pioneer* factor, whether the movant acted in good faith, supports a finding of excusable neglect.

### E. Excusable Neglect

The Court finds the first and fourth *Pioneer* factors favor a finding of excusable neglect; the remaining two do not. The Court's determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

On de novo review, the Court departs from the M&R's reasoning as to the faultlessness of Plaintiffs when compared to their counsel's "unpardonable conduct." *See* (D.E. 33, p. 17) (quoting *Svenska Orient Linen*, 87 F.R.D. at 553). In departing from this reasoning, the Court finds

particularly instructive the Fifth Circuit and Supreme Court's guidance that clients are held accountable for the acts and omissions of their counsel. *Nelson*, 17 F.4th at 525 (rejecting the argument that a party should not be penalized for its former attorneys' mistake); *Pioneer*, 507 U.S. at 397 ("This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.").

Plaintiffs fail to demonstrate their failure for missing the deadline was excusable neglect. They assert their delay resulted from a former staff member's oversight "coupled with counsel's unfamiliarity with the procedural requirements for Rule 25 substitution[.]" (D.E. 37, p. 3). They also argue Defendant's reliance on *Nelson* is misplaced because "Plaintiffs' delay resulted from clerical error and procedural uncertainty rather than deliberate noncompliance." *Id.* But *Nelson* involved a party's mistaken belief no answer was required, not a party's deliberate noncompliance with the Federal Rules of Civil Procedure. 17 F.4th at 526. Even so, the Fifth Circuit held the district court abused its discretion by permitting an extension of time under Rule 6(b). *See id.* at 527. Here, Plaintiffs' clerical error is akin to the mistaken belief present in *Nelson*. The Court does not find Plaintiffs' explanation for their failure to comply with Rule 6(b)'s requirements persuasive and respectfully disagrees with the M&R's conclusion that Plaintiffs' failure resulted from excusable neglect.

Compounding Plaintiffs' failure to show excusable neglect is their representation regarding when they had notice of William's death. In their response to Defendants' objections, Plaintiffs state that "It was not until Defendant's discovery responses dated December 16, 2024, that Plaintiffs became aware of Defendant William Shepherd's passing." (D.E. 37, p. 2). The joint discovery/case management plan, filed on May 13, 2024, flatly contradicts this representation. (D.E. 6). In the plan, which Plaintiffs' counsel signed, the parties stated that "a representative of

the estate of William Shepherd will have to appear because Mr. Shepherd is deceased." *Id.* at 1. In the context of the equitable determination of excusable neglect, the Court will not countenance such gamesmanship. *See Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 244–45 (1933) (explaining that party seeking equitable relief must come to the court with clean hands).

On balance, and looking at the conduct of Plaintiffs' counsel to determine whether counsel's neglect is excusable, the Court concludes it is not.

### IV. Conclusion

After carefully reviewing the M&R, objections, record, and relevant precedent, the Court **ADOPTS in part** and **REJECTS in part** the M&R. (D.E. 33). Specifically, the Court agrees Plaintiffs missed their deadline to move for substitution and agrees on the direction of each *Pioneer* factor taken individually. However, the Court disagrees on the conclusion of excusable neglect. Accordingly, the Court **GRANTS** Defendant's amended motion to dismiss, (D.E. 14), and **DENIES** Plaintiff's motion to extend or reopen the deadline for substitution of parties, (D.E. 20). The Court **DISMISSES without prejudice** Plaintiff's negligence claim against William Shepherd. (D.E. 1-3, p. 2–3). A final judgment will issue separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
        October 3rd, 2025

14 / 14