United States District Court
Southern District of Texas
**ENTERED**
November 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TYRA CAMPOS, *et al.*, | § § § § | |
| Plaintiffs, | | |
| VS. | § § § § § § | CIVIL ACTION NO. 2:24-CV-00040 |
| WILLIAM SHEPHERD, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Mitchel Neurock for case management (Doc. No. 30), but with Judge Neurock's consent and in accordance with Special Order C-2023-1,[1] United States Magistrate Judge Julie K. Hampton enters this memorandum and recommendation. For the reasons discussed below, the undersigned recommends that the district court **DENY** Plaintiffs' motion to alter or amend the district court's judgment in this case (Doc. No. 48).

On October 3, 2025, the district court granted the defense's motion to dismiss Plaintiffs' remaining claims[2] on the basis that Plaintiffs had failed to timely move for substitution of defendant Gwenyth Shepherd in place of her late husband, defendant

---

[1] Special Order C-2023-1 is a standing order concerning civil matters referred to magistrate judges in this division. The order allows magistrate judges to assist each other on any referred matter by agreement, including entering orders, notices, recommendations, and presiding over judicial proceedings.

[2] The district court had previously granted a motion for partial summary judgment filed by defendant Gwenyth Shepherd. (Doc. No. 42.)

William Shepherd. (Doc. No. 46.) The district court entered final judgment that same day. (Doc. No. 47.)

Fifteen days later, on October 28, Plaintiffs filed a motion to alter or amend the district court's decision under Federal Rule of Civil Procedure 59(e). (Doc. No. 48.) While stating that they do not seek to relitigate the district court's ruling, *id.* at 1, they argue that the district court's decision constitutes a "manifest injustice" because it prevents resolution of the case on the merits. *Id.* at 2-3. Plaintiffs further contend, without elaboration, that after receiving notice of William Shepherd's death, they "took steps to clarify substitution procedure," and argue that no prejudice occurred from their delay because litigation of the case continued. *Id.* at 4. Plaintiffs conclude by arguing that the district court unjustifiably failed to adopt Magistrate Judge Neurock's recommendation against dismissal. *Id.* at 4-5.

In opposition, defendant Gwenyth Shepherd argues that Plaintiffs provide no newly discovered evidence (or indeed any evidence at all) with their motion and do not point to any intervening change in the law. (Doc. No. 49.) The defense contends that Plaintiffs are simply attempting to relitigate the district court's dismissal decision. *Id.* at 3-4. Plaintiffs did not file a reply to the defense response.

A Rule 59(e) motion calls into question the correctness of a judgment and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Such a motion therefore must clearly establish either a manifest error of

law or fact, or must present newly discovered evidence or an intervening change in the law; a Rule 59(e) motion cannot be used to raise arguments that could and should have been made before the judgment issued. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

    Here, Plaintiffs have offered no evidence of any kind, let alone any evidence that is newly discovered. Nor do they argue that the law has changed. Plaintiffs simply contend that dismissal is too severe a sanction for their failure to timely move for substitution of defendant Gwenyth in place of the late defendant William. *See* Doc. No. 48, p. 3. This was the exact issue that the parties already litigated and that the district court decided. *See* Doc. No. 46, pp. 6-14 (applying the *Pioneer*[3] factors to determine whether Plaintiffs' failure to timely move for substitution was the product of excusable neglect, and concluding that it was not). Contrary to Plaintiffs' argument, then, their motion to alter or amend the judgment is indeed nothing more than an attempt to relitigate their unsuccessful argument. The district court should reject it and deny the motion. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment).

    Also unpersuasive is Plaintiffs' argument that the district court should have afforded greater deference to Judge Neurock's recommendation. Plaintiffs appear to

---

[3] *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993); Fed. R. Civ. P. 6(b)(1)(B).

contend that a district court should adopt a magistrate judge's recommendation when that recommendation "aligns with equitable principles and is well-supported by the record" unless there is a "compelling reason" not to do so, lest the fairness and efficiency of judicial proceedings be impaired.  (Doc. No. 48, p. 5.)  Plaintiffs' attempt to impose such a limitation on the district court's authority is at odds with Article III of the United States Constitution.  It is the district court, not a magistrate judge, who makes final decisions regarding dispositive matters, and a magistrate judge's recommendations are just that – recommendations.  *See* 28 U.S.C. § 636(b)(1)(C) (district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").  Here, the ultimate question was the equitable application and balancing of the *Pioneer* factors.  The magistrate judge saw the question one way, but the district court applied the same factors and simply reached a different conclusion.  The district court should reject Plaintiffs' argument.

In sum, the district court should **DENY** Plaintiffs' motion to alter or amend the judgment (Doc. No. 48).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Respectfully submitted on November 10, 2025.

_____
Julie K. Hampton
United States Magistrate Judge